RANDOLPH et al. v. SEATTLE STAR,
Inc., et al.

No. 1872.

District Court, W. D. Washington, N. D.

Sept. 14, 1947.

⊙⟝51

J. Charles Dennis, U. S. Atty., and John
E. Belcher, Asst. U. S. Atty., both of
Seattle, Wash., for plaintiffs.

Skeel, McKelvy, Henke, Evenson & Uhl-
mann, by E. L. Skeel and W. Paul Uhl-
mann, all of Seattle, Wash., for defendants.

BOWEN, District Judge.

This statute of congress, Title 50
U.S.C.A.Appendix, § 308, was a humane
measure for the protection of the soldiers
and sailors and others in the military serv-
ice in respect to their employment while
they were absent in the military service.
The public policy therein expressed must
of necessity have a liberal construction.

If we admit in this case that there is a conflict between the union contract of employment relating to all the employees of the Seattle Star and this statute, it seems to me that the policy of the statute must be upheld to the exclusion of the conflicting provisions of the agreement between the union, allegedly representing these employees, and the employer, the Seattle Star.

The conflict between the statute and the work contract would be more explicit if, instead of "other benefits," the statute in subsection (c) had said "severance pay." But the statutory provision that "returned soldiers shall be entitled to participate in insurance or other benefits offered by the employer" (in effect, to the other employees) certainly includes severance pay. It is all-inclusive. And if we fail to apply in favor of these veterans the same statutory treatment as to severance pay which was accorded the other employees, then these returned soldiers—veterans of the second world war—are not participating, as they are entitled to under the statute, in such other benefits including severance pay.

If it could be said, arguendo, that some doubt is thrown upon the meaning of the statute as applied to the kind of benefit here involved—namely, severance pay benefit—by reason of the fact that that benefit was not mentioned by the statute expressly but was expressly mentioned in the work contract wherein such benefit was excluded by paragraph 5, then such doubt should be by the Court resolved in favor of the veteran, under the rule requiring liberal interpretation of a statute for the relief of veterans.

However, I do not see how it is possible for these plaintiffs, who are war veterans, to enjoy the other benefits offered by the employer to other employees if the plaintiffs are denied this particular benefit of severance pay secured to them by the statute on a parity with other employees who were continuously on active duty with the employer during the period of time that the plaintiffs were in the war service. It seems clear to the Court that to give effect to the contract provision that time spent by plaintiff veterans on military leave

should not be included in the computation of their severance pay would clearly be in conflict with the Act of Congress which provides that these veterans upon return from active service with the military forces shall have the other benefits enjoyed by those employees who did not go into the service.

For the reasons stated by the Court, the Court finds, concludes and decides in favor of the plaintiffs for the amounts respectively alleged in the complaint.